UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

JOHN JAKUBOWSKI,

        Plaintiff,

Case No. 1:18-cv-391

v.

Honorable Paul L. Maloney

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Michigan Department of Corrections and Unknown Party #1. The Court will transfer the remainder of the action to the Eastern District of Michigan.

**Discussion**

I.      **Factual allegations**

Plaintiff John Jakubowski[1] presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which he complains occurred at that facility and the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan and the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Plaintiff sues the MDOC and three optometrists employed by Corizon Health Care: ARF Optometrist Donald Halderer[2] and the unknown optometrists at DRF and SLF (Unknown Parties #1 and #2).

Plaintiff alleges that, in May 2015, he began a series of surgeries for his cataracts, which were conducted by an ophthalmologist, Dr. Grandon. The last of the operations was scheduled to be completed in October 2015, but Petitioner was incarcerated in September 2015, prior to the last surgery. In November 2016, Plaintiff was sent to SLF, where he sent a series of kites to health care, complaining about stabbing eye pain, hazy vision, grittiness, and severe headaches. Plaintiff requested that his final cataract surgery be performed. Plaintiff was seen by the SLF optometrist, Defendant Unknown Party #2, who refused to identify himself by name. Defendant Unknown Party #2 gave Plaintiff an eye test and declared that he was "cured" and required no additional surgeries. Instead, the doctor told Plaintiff that he simply needed glasses to correct his vision. Plaintiff told Defendant Unknown Party #2 that he was worried that some of

---

[1] Plaintiff strenuously argues that, during his criminal proceedings and incarceration by the MDOC, his name was improperly changed from "Lawrence John Jakubowski" to "John Lawrence Jakubowski." Because this Court links the prisoner number with the prisoner name as listed in the MDOC records, the Court will refer to Plaintiff as "John Jakubowski." The use of the name of used by the State of Michigan does not reflect any finding by this Court as to its correctness.

[2] In his list of Defendants, Plaintiff spells the name as "Halderer." (Compl., ECF No. 1, PageID.2.) However, in the substance of his complaint, Plaintiff spells the name as "Haiderer." (*Id.*, PageID.6.) For purposes of this opinion, the Court will use the name listed in the formal list of Defendants.

Dr. Grandon's stitches had been left in, but Defendant Unknown Party #2 told Plaintiff that surgeons no longer used stitches for cataract surgery. Plaintiff alleges that Dr. Grandon in fact used micro-stitches. Plaintiff contends that Defendant Unknown Party #2 refused to provide Plaintiff a records-release form and refused to request Plaintiff's records from Dr. Grandon.

Plaintiff generally alleges that he received the same response from every optometrist at every facility at which he has been housed. All of those optometrists allegedly have been indifferent to his stabbing eye pain and grating, which continues to worsen.

On March 6, 2018, after having being transferred to ARF, Plaintiff saw Defendant Donald Halderer. Plaintiff asked Halderer to get Plaintiff's records from Dr. Grandon. His request was again denied. Halderer, like Defendant Unknown Party #2, told Plaintiff that all he needed was glasses and eye drops. Defendant Halderer also rejected Plaintiff's characterization of cataracts as a disease.

Plaintiff seeks declaratory and injunctive relief.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not

expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

### B. Lack of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in

the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Plaintiff fails to even mention Defendant Unknown Party #1, the optometrist at DRF, in the body of his complaint. Moreover, he does not even allege the dates he was at DRF or that he consulted with an optometrist there. His allegations against Unknown Party #1 therefore fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### C. Transfer of the Remainder of the Complaint

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to the only viable claims in Plaintiff's action occurred at SLF in St. Louis, Saginaw County, Michigan, and LRF in Adrian, Lenawee County, Michigan. Both Saginaw and Lenawee Counties are within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Defendants serve as the equivalent of public officials in those Counties, and they "reside" in those counties for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). In these circumstances, venue over the properly raised claims lies in the Eastern District. In addition, the Court concludes that transfer of the remainder of the action to the Eastern District of Michigan will serve the convenience of the

parties and witnesses, as all are located in that district.  28 U.S.C. § 1404(a).  The Court therefore will transfer the remainder of the complaint to the Eastern District of Michigan.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Michigan Department of Corrections will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will transfer the remainder of the action to the Eastern District of Michigan

An Order consistent with this Opinion will be entered.


Dated:   April 26, 2018                                       /s/  Paul L. Maloney                    
                                                                                                                  Paul L. Maloney  
                                                                                                                  United States District Judge